**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

JOHN LEE BELL,                          )
                                        )
        Petitioner,                     )
                                        )
                                        )   Case No.  05-CV-393-TCK-PJC
                                        )
DAVID C. MILLER, Warden,                )
                                        )
        Respondent.                     )

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Petitioner is a state inmate, appearing *pro se*. Respondent filed a response (Dkt. # 12) to the petition and provided the state court record (Dkt. #s 12 and 13) for the Court's use in resolving Petitioner's claims. Petitioner filed a reply (Dkt. # 14) to Respondent's response. For the reasons discussed below, the Court finds the claims raised in the petition for writ of habeas corpus should be denied.

As a preliminary matter, the Court notes that the Attorney General of the State of Oklahoma was improperly named as a respondent.  The proper respondent is the person having custody of Petitioner.  In this case, that person is the Warden of the prison where Petitioner is incarcerated. Therefore, the Attorney General of the State of Oklahoma shall be dismissed as a respondent.

### *BACKGROUND*

On November 11, 2001, Petitioner fired a gunshot which hit and killed his nephew, Sylvester Okonoboh.  Prior to the shooting, the two men had been arguing, initially, over watered down soda. The argument escalated, however, eventually leading to the firing of gunshots by Petitioner.  One of the gunshots struck the victim in the back of the head as he was running from the apartment where the two men had been staying.  He died the next day as a result of the gunshot wound to the head.

Petitioner was tried and convicted by a jury in Tulsa County District Court, Case No. CF-01-6554, of First Degree Murder.  He was sentenced to life imprisonment.   At trial, Petitioner was represented by Marna Franklin, an attorney in the Tulsa County Public Defender's Office.

Petitioner appealed his conviction to the Oklahoma Court of Criminal Appeals ("OCCA").  On direct appeal, Petitioner, represented by Stephen J. Greubel, an attorney in the Tulsa County Public Defender's Officer, raised the following two (2) propositions of error:

I:      Failure to properly instruct the jury as to lesser-included offenses was plain error requiring reversal for new trial.

II:     Appellant Bell's trial counsel rendered ineffective assistance in failing to object to the court's jury instructions as given, depriving Appellant Bell of his Sixth Amendment right.

(Dkt. # 12, Ex. 1). By order filed September 17, 2003, in Case No. F-2002-807, the OCCA found no merit to Petitioner's claims.  Therefore, the state appellate court affirmed the Judgment and Sentence of the trial court.  Dkt. # 12, Ex. 3.

Appearing *pro se*, Petitioner filed an application for post-conviction relief in the state district court.  By order filed May 12, 2004, see Dkt. # 12, Ex. 4, the court recognized the following grounds of error:

1.      Petitioner was denied effective assistance of appellate counsel in violation of the 14th Amendment for the reason that appellate [counsel] did not raise an issue regarding the failure of trial counsel to properly object to the improper jury instruction given to the jury as lesser included offenses.

2.      Prosecutorial misconduct deprived Petitioner of his Sixth and Fourteenth Amendment right to Due Process and a fair trial.

3.      Judicial misconduct deprived Petitioner of his Sixth Amendment right to Due Process of law and a fair trial by an abuse of discretion.

4.      The Court's error in giving jury instruction constitutes erroneous jury instruction and plain error requiring reversal for new trial.

2

<u>See</u> Dkt. # 12, Ex. 4.  The state district court rejected Petitioner's claims and denied the requested relief.  <u>Id.</u>  Petitioner filed a post-conviction appeal in the OCCA.  By order filed November 12, 2004, in Case No. PC-2004-941, the OCCA affirmed the order of the district court denying post-conviction relief.  Dkt. # 12, Ex. 6.

On July 12, 2005, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). In his petition, Petitioner identifies the following claims:

| | | |
|---|---|---|
| Ground 1: | Ineffective assistance of [trial] counsel. | |
| Ground 2: | Ineffective assistance of appellate counsel. | |
| Ground 3: | Prosecutorial misconduct deprived Petitioner of his Sixth and Fourteenth Amendment rights to due process of law and a fair trial. | |
| Ground 4: | Judicial misconduct deprived Petitioner of his Sixth Amendment rights to due process and a fair trial by abuse of discretion. | |
| Ground 5: | The court's errors in giving jury instructions constitute erroneous jury instructions and plain error requiring reversal for new trial. | |

(Dkt. # 1).

Respondent filed a response (Dkt. # 12) to the petition, arguing that under 28 U.S.C. § 2254(d), Petitioner is not entitled to habeas relief on grounds 1 and 2, and that grounds 3, 4, and 5 are procedurally barred. Petitioner filed a reply (Dkt. # 14) to Respondent's response.  In his reply, Petitioner asserts that his fifth ground of error in this habeas action corresponds to the first ground of error raised on direct appeal.  <u>See</u> Dkt. # 14.

***ANALYSIS***

**A.  Exhaustion/Evidentiary Hearing**

Before addressing the claims raised in the petition, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b) and (c).  <u>See</u> <u>Rose v. Lundy</u>,

455 U.S. 509, 510 (1982). Respondent concedes and the Court finds that Petitioner's claims raised in the petition are exhausted. The Court also finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Claims adjudicated by the OCCA**

When a state court has adjudicated a constitutional claim, a petitioner may obtain federal habeas relief only if the state decision "involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001).  In this case, the OCCA adjudicated Petitioner's claim of ineffective assistance of trial counsel on direct appeal and his claim of ineffective assistance of appellate counsel on post-conviction appeal.  In addition, Petitioner's ground 5 claim corresponds to the first proposition of error adjudicated by the OCCA on direct appeal.  Therefore, those claims shall be reviewed pursuant to § 2254(d).

### 1.  *Failure to issue complete instructions for lesser included offenses (ground 5)*

As his fifth proposition of error, Petitioner asserts that the trial court's failure to issue a supplemental instruction, OUJI-CR 2d 10-27,[1] to clarify consideration of lesser included offenses, was plain error requiring reversal and a new trial. See Dkt. # 1. Petitioner's jury received a lesser included offense instruction for the crimes of Second Degree Murder and First Degree Manslaughter by Misdemeanor. See Dkt. # 12, Ex. 7, Instructions No. 13. Through inadvertence,[2] however, the trial court failed to issue OUJI-CR 2d 10-27 to inform the jury that they may consider the lesser offenses if they are unable to agree unanimously that the defendant was guilty of the charged offense, but they must unanimously agree that the defendant is guilty of a particular offense before returning a guilty verdict.  See Graham v. State, 27 P.3d 1026, 1028 (Okla. Crim. App. 2001) (holding that OUJI-CR 2d 10-27 must be given immediately after OUJI-CR 2d 10-24 whenever

---

[1]The omitted instruction, OUJI-CR 2d 10-27, provided as follows:

> If you are unable to agree unanimously that [defendant's name] is guilty of the charged offense, you may proceed to consider a lesser included offense upon which evidence has been presented.  You are not required to determine unanimously that the defendant is not guilty of the crime charged before you may consider a lesser included offense.  However, you must unanimously agree that the defendant is guilty of a particular criminal offense before returning a verdict of guilty on that offense.

See Graham v. State, 27 P.3d 1026, 1028 n.5 (Okla. Crim. App. 2001).  The Court notes that since Petitioner's trial, OUJI-CR 2d 10-24 has been modified to incorporate the language from OUJI-CR 2d 10-27.  The modified version of OUJI-CR 2d 10-24 now instructs that the jury does not have to unanimously acquit the defendant of the charged offense before considering lesser included offenses, and OUJI-CR 2d 10-27 is no longer given.

[2]Petitioner's attorney filed a motion for a new trial based on the omission of the supplemental instruction.  At the hearing on the motion for a new trial, the trial court judge acknowledged that the instruction was omitted through inadvertence, see Dkt. # 13, Trans. dated June 24, 2002, at 2, but nonetheless denied the motion, id. at 16, after distinguishing the facts in this case from those in Graham.

lesser-included instructions are given). On direct appeal, Petitioner argued that the trial court's failure to issue OUJI-CR 2d 10-27 was plain error requiring reversal for a new trial. In rejecting this claim, the OCCA cited Graham, 27 P.3d 1026, and Simpson v. State, 876 P.2d 690 (Okla. Crim. App. 1994), and found that "the error does not rise to the level of plain error." See Dkt. # 12, Ex. 3.

A habeas corpus petitioner "bears a 'great burden . . . when [he] seeks to collaterally attack a state court judgment based on an erroneous jury instruction.'" Lujan v. Tansy, 2 F.3d 1031, 1035 (10th Cir. 1993) (quoting Hunter v. New Mexico, 916 F.2d 595, 598 (10th Cir. 1990)). Where a petitioner challenges the trial court's refusal or failure to give a specific instruction, this Court uses a highly deferential standard of review in evaluating the alleged error.  "[E]rrors in jury instructions in a state criminal trial are not reviewable in federal habeas corpus proceedings, 'unless they are so fundamentally unfair as to deprive petitioner of a fair trial and to due process of law.'" Nguyen v. Reynolds, 131 F.3d 1340, 1357 (10th Cir. 1997) (quoting Long v. Smith, 663 F.2d 18, 23 (6th Cir. 1981)); see also Maes v. Thomas, 46 F.3d 979, 984 (10th Cir. 1995). Thus, the burden on a petitioner attacking a state court judgment based on a failure to give a specific jury instruction is especially great because "'[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law.'" Maes, 46 F.3d at 984 (quoting Henderson v. Kibbe, 431 U.S. 145, 155 (1977)).

Upon careful review of the record, the Court finds that the trial court's failure to issue OUJI-CR 2d 10-27 did not deprive Petitioner of a fair trial.  Petitioner relies on the holding of Graham to argue that the trial court's failure to issue the instruction was "plain error" requiring a new trial.  In Graham, the prosecutor argued during closing argument that "[t]he 12 of you have to agree that he's

not guilty of [the greater offense] before you can even consider the [lesser included offense]."
Graham, 27 P.3d at 1027.  That was an erroneous statement of law.  The error was compounded
when, after the jury sent out a note asking whether they had to be unanimous on the greater offense
before they could consider the lesser offense, the trial court judge incorrectly advised that "you have
all the law and the evidence it is proper for you to consider."  Id.  The facts of Petitioner's case,
however, are distinguishable from those in Graham.  The prosecutor did not state that the jury had
to unanimously find Petitioner not guilty of First Degree Murder before they could consider the
lesser included offenses. See Dkt. # 13, Tr. Trans. Vol. II at 460. In addition, although the jury sent
out several notes, none indicated that the jury was confused about consideration of the lesser
included offenses.  See id. at 467-71. The Court finds that Petitioner's trial was not rendered
fundamentally unfair by the trial court's omission of the supplemental instruction.  Petitioner is not
entitled to habeas corpus relief on this claim.

### 2.  Ineffective assistance of trial counsel (ground 1)

As his first ground of error, Petitioner claims that he was deprived of the effective assistance
of counsel.  See Dkt. # 1. Specifically, he claims that trial counsel provided ineffective assistance
when she failed to request the mandatory jury instruction supplementing the lesser included offense
instruction. Id. The OCCA rejected this claim on direct appeal, citing Strickland v. Washington, 466
U.S. 668 (1984) and  finding "no prejudice and, therefore, no ineffective assistance of counsel."
(Dkt. # 12, Ex. 3).

To establish ineffective assistance of counsel, a defendant must show that his counsel's
performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S.
at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the

first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases.  Strickland, 466 U.S. at 687-88.  There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688.  In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential.  "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.  To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999).

In this case Petitioner has failed to satisfy the prejudice prong of the Strickland standard. Even if his trial counsel performed deficiently in failing to request the supplemental instruction, Petitioner has failed to demonstrate that he suffered prejudice as a result of the deficient performance. Petitioner's jury was instructed that they could not convict Petitioner unless they believed that the State had proven each and every element of the offense beyond a reasonable doubt. See Dkt. # 12, Ex. 7, Instr. No. 24. Although the jury did not receive OUJI-CR 2d 10-27, they did receive Instruction No. 13.  See Dkt. # 12, Ex. 7. That instruction, entitled "Lesser Included Offenses – As Appropriate," provided the elements and definitions of the two (2) lesser included offenses of

8

Murder in the Second Degree and Manslaughter in the First Degree by Misdemeanor.  In addition,

the instruction contained the following language:

> If you have a reasonable doubt of the defendant's guilt of the charge of MURDER IN THE FIRST DEGREE, you must then consider the charge of MURDER IN THE SECOND DEGREE.
>
> * * * * *
>
> If you have a reasonable doubt of the defendant's guilt of the charges of MURDER IN THE FIRST DEGREE and MURDER IN THE SECOND DEGREE, you must then consider the charge of MANSLAUGHTER IN THE FIRST DEGREE BY MISDEMEANOR.

See Dkt. # 12, Ex. 7, Inst. No. 13. Petitioner's jury returned a verdict of guilty of First Degree

Murder, the greatest offense charged. The verdict establishes that the jury found the State had

carried its burden of demonstrating the elements of First Degree Murder beyond a reasonable doubt

and that they did not proceed to consider the lesser included offenses. Nothing asserted by Petitioner

in this habeas case demonstrates that the results of his trial would have been different had his

attorney requested the supplemental instruction or objected to its omission. Thus, Petitioner has

failed to satisfy the prejudice prong of the Strickland standard. Under 28 U.S.C. § 2254(d),

Petitioner is not entitled to habeas corpus relief on this claim.

### 3. *Ineffective assistance of appellate counsel (ground 2)*

As his second proposition of error, Petitioner asserts that his appellate counsel was

ineffective for failing to present the prejudice needed to support his direct appeal proposition of error

concerning the trial court's failure to instruct the jury properly as to lesser included offenses.  See

Dkt. # 1. He claims, as he did on post-conviction appeal, that because the State presented insufficient

evidence of the intent element, the jury would not have convicted him of First Degree Murder had

9

they received OUJI-CR 2d 10-27. On post-conviction appeal, the OCCA rejected this claim of

ineffective assistance of appellate counsel, finding as follows:

> To support a claim of ineffective appellate counsel, Petitioner must establish his counsel's performance was deficient under prevailing professional norms, and that but for the deficient performance the outcome of his trial and appeal would have been different, or that Petitioner is factually innocent. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674, 693, 698. Petitioner's appellate counsel argued that failure to properly instruct the jury on lesser included offenses was plain error. However, Petitioner's jury found from the evidence presented that all of the elements of First Degree Murder had been established beyond a reasonable doubt. Petitioner has not established why his jury would have changed such findings if a lesser included instruction had been given, and has not established why the outcome of his appeal should have been different. Petitioner has cited no authority that establishes his propositions on jury instructions are plain error.

(Dkt. # 12, Ex. 6). Thus, the OCCA stated that Petitioner's jury did in fact find that the evidence

presented established all of the elements of First Degree Murder beyond a reasonable doubt and that

under Strickland, Petitioner failed to establish ineffective assistance of appellate counsel. Dkt. # 12,

Ex. 6.

Petitioner is not entitled to habeas relief unless he demonstrates that the OCCA's

adjudication of this claim was an unreasonable application of Supreme Court law.  In evaluating a

claim of ineffective assistance of appellate counsel, this Court applies the Strickland two-pronged

standard used for claims of ineffective assistance of trial counsel.  See United States v. Cook, 45

F.3d 388, 392 (10th Cir. 1995). When a habeas petitioner alleges that his appellate counsel rendered

ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits

of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted

issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective

assistance.  Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing Cook,

45 F.3d at 392-93). If the issue has merit, the Court then must determine whether counsel's failure

to raise the claim on direct appeal was deficient and prejudicial.  <u>Hawkins</u>, 185 F.3d at 1152; <u>see</u> <u>also</u> <u>Cook</u>, 45 F.3d at 394.

In this habeas action, Petitioner has not demonstrated that the OCCA's ruling was an unreasonable application of <u>Strickland</u>. Contrary to Petitioner's argument, the evidence, when viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements of First Degree Murder beyond a reasonable doubt. <u>Spuehler</u> <u>v. State</u>, 709 P.2d 202, 203-04 (Okla. Crim. App. 1985) (citing <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), and providing standard for analyzing sufficiency of the evidence).  Under Oklahoma law, a person commits First Degree Murder when "that person unlawfully and with malice aforethought causes the death of another human being. Malice is that deliberate intention unlawfully to take away the life of a human being, which is manifested by external circumstances capable of proof." Okla. Stat. tit. 21, § 701.7(A). A jury may infer intent from a defendant's objective acts.  <u>See</u> <u>Torres v. State</u>, 962 P.2d 3, 16 (Okla. Crim. App. 1998); <u>Torres v. Mullin</u>, 317 F.3d 1145, 1154 (10th Cir. 2003) (citing <u>Wingfield v. Massie</u>, 122 F.3d 1329, 1333 (10th Cir. 1997)). "[E]ven when a defendant, as here, denies having the requisite intent, a jury may disbelieve the defendant if his words and acts in the light of all the circumstances make his explanation seem improbable." <u>Wingfield</u>, 122 F.3d at 1333 (quotation omitted).

Petitioner testified at trial and denied having aimed the gun at the victim, <u>see id.</u> at 387. He stated that he shot around and over the head of the victim and that he was trying to scare the victim. <u>Id.</u> However, Petitioner's jury also heard witnesses testify that at the time of the shooting, the victim and Petitioner had been arguing, <u>see</u> Dkt. # 13, Tr. Trans. at 215, 219, 227, the victim was running away from Petitioner and that Petitioner walked after him, pointed the gun at his head and fired

shots. <u>See</u> <u>id.</u> at 194-98, 334-35, 340. Furthermore, the evidence recovered by the police demonstrated that a shot that missed the victim was fired in the direction of the victim, <u>see</u> <u>id.</u> at 305, and parallel to the ground, <u>see</u> <u>id.</u> at 277. That evidence, viewed in a light most favorable to the State, was sufficient to allow the jury as a rational trier of fact to have found the essential elements, including the intent element, of First Degree Murder beyond a reasonable doubt. As a result, an argument linking prejudice resulting from trial counsel's alleged deficient performance to a challenge to the sufficiency of the evidence lacks merit. Thus, Petitioner has not demonstrated that the result of his appeal would have been different had appellate counsel argued prejudice resulting from trial counsel's alleged deficient performance in failing to request OUIJA-CR 2d 10-27. Having determined that the omitted claim lacks merit, the Court finds that Petitioner has failed to demonstrate ineffective assistance of appellate counsel. He is not entitled to habeas relief under 28 U.S.C. § 2254(d).

## C.  Procedural Bar (grounds 3 and 4)

In grounds 3 and 4, Petitioner complains of prosecutorial and judicial misconduct based on the instructional error asserted in ground 1. Petitioner's grounds 3 and 4 were not raised on direct appeal, but were first raised in post-conviction proceedings. In affirming the district court's denial of post-conviction relief, the OCCA determined that the claims could have been but were not raised on direct appeal. <u>See</u> Dkt. # 12, Ex. 6. As a result, the OCCA, relying on Okla. Stat. tit. 22, § 1086, and <u>Fowler v. State</u>, 896 P.2d 566, 569 (Okla. Crim. App. 1995), imposed a procedural bar and did not consider the claims on the merits.  <u>See</u> Dkt. # 12, Ex. 6.

The doctrine of procedural bar prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and

adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir.1991)).

Applying the principles of procedural bar to this case, the Court concludes that Petitioner's claims asserted in grounds 3 and 4 are procedurally barred. The procedural bar was an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. In addition, the procedural bar was based on "adequate" state grounds sufficient to bar the claim on federal habeas corpus review. The OCCA routinely applies Okla. Stat. tit. 22, § 1086, to bar claims that could have been but were not raised in on direct appeal.

Because of Petitioner's procedural default, this Court may not consider the defaulted claims unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors

of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

In his petition (Dkt. # 1), Petitioner asserts that ground 3 was not raised on direct appeal because "I did not know I could." He offers no explanation for his failure to raise ground 4 on direct appeal. In his reply (Dkt. # 14), Petitioner does not discuss Respondent's procedural bar argument. The Court finds that Petitioner has failed to demonstrate "cause" sufficient to overcome the procedural bar. Petitioner's lack of knowledge concerning appellate procedure in state courts is not an "objective factor external to the defense" and does not constitute "cause" to excuse the default of the claims. See Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir. 1991) (failure to realize the legal significance of errors does not constitute "cause").

Petitioner's only other means of gaining federal habeas review of his defaulted claims of ineffective assistance of appellate counsel is a claim of actual innocence under the fundamental miscarriage of justice exception. Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). Under Schlup, a showing of innocence sufficient to allow consideration of procedurally barred claims must be "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." Schlup, 513 U.S. at 316. Petitioner has the burden of persuading this Court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. In this case, Petitioner

claims that he lacked the requisite intent to kill the victim.  To the extent he claims to be innocent based on his lack of intent, the claim is one of legal innocence as opposed to actual or factual innocence and does not satisfy the fundamental miscarriage of justice exception. Therefore, the Court finds the fundamental miscarriage of justice exception is inapplicable in this case.

Because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his defaulted claims are not considered, the Court concludes that it is procedurally barred from considering the merits of Petitioner's defaulted claims raised in grounds 3 and 4. <u>Coleman</u>, 501 U.S. at 724. Habeas corpus relief on those grounds shall be denied.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws or treaties of the United States.  His petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.    The Attorney General of the State of Oklahoma is **dismissed** as a respondent.

2.    The petition for a writ of habeas corpus (Dkt. # 1) is **denied**.

3.    A separate Judgment shall be entered in this case.

DATED THIS 2nd day of April, 2009.

TERENCE KERN
UNITED STATES DISTRICT JUDGE

15